<div style="color:red; text-align:center;">**CORRECTED**</div>

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-533V
Filed: March 20, 2020
UNPUBLISHED

| | |
|---|---|
| GEORGE L. HODGDON,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Special Master Horner<br><br>Influenza (Flu) Vaccine; Guillain Barre Syndrome (GBS); Dismissal |

*Timothy James Lessman*, Knutsen & Casey Law Firm, Mankato, MN, for petitioner.
*Mollie Danielle Gorney*, U.S. Department of Justice, Washington, DC, for respondent.

### **DISMISSAL DECISION**[1]

　　　On April 12, 2018, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that the influenza vaccine he received on October 9, 2016 caused him to suffer Guillain Barre Syndrome ("GBS"). (ECF No. 1.) On February 27, 2019, respondent filed his Rule 4 report recommending that compensation be denied. (ECF No. 22.) Ultimately, following an expert presentation, respondent disputed the accuracy of petitioner's alleged GBS diagnosis as well as the alleged temporal association between petitioner's condition and his vaccination, and further contended, assuming petitioner did have GBS, that a prior gastrointestinal illness was a more likely cause. (*See* ECF Nos. 32-34; Exs. A-D.)

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

On March 6, 2020, petitioner filed a status report indicating that due to a lack of expert support, petitioner would be dismissing his petition.[2]  (ECF No. 43.)  Subsequently, on March 16, 2020, petitioner filed a motion for a decision by the undersigned.  (ECF No. 44.)  He indicated that following an investigation into the facts and science underlying his claim, he is unable to prove that he is entitled to compensation in the Vaccine Program.  (*Id*.)  He further indicated that he understood that a decision dismissing the petition would result in a judgment against him, and that he had been advised that "such a judgment will end all of his rights in the Vaccine Program."[3]  (*Id*.)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that he suffered an injury that was actually caused by a covered vaccine.  *See* 42 U.S.C. §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury*.*" *Althen v. Sec'y of Health & Human Servs*., 418 F.3d 1274, 1278 (Fed. Cir. 2005).  The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits me from ruling for petitioner based solely on his allegations unsubstantiated by medical records or medical opinion.

Examination of the record does not disclose any evidence that petitioner suffered a "Table Injury."[4]  Further, petitioner's medical records do not support his allegations by a preponderance of the evidence and he was unable to find adequate expert support for his claim.  Accordingly, I will **GRANT** petitioner's motion for a decision denying compensation and **DISMISS** this petition for failure to establish a *prima facie* case of entitlement to compensation.

---

[2] To be clear, petitioner did initially file an expert opinion from a medical doctor specializing in occupational medicine and toxicology (ECF Nos. 24, 41); however, I held a Rule 5 status conference on February 5, 2020, and explained that additional expert analysis relating to the neurological and immunological aspects of the case would be necessary.  (ECF No. 42.)  Thereafter, petitioner indicated a lack of expert support.  (ECF No. 43.)

[3] Petitioner further indicated that he intends to protect his right to pursue a civil action by rejecting the judgment pursuant to 42 U.S.C. § 300aa-21(a)(2) of the Vaccine Act.  (ECF No. 43, p. 2.)

[4] Although petitioner alleged that he suffered GBS, which is an injury listed on the Vaccine Injury Table for the flu vaccine (42 C.F.R. 100.3(a)(XIV), petitioner did not contend that the onset of his condition was within the period of 3-42 days prescribed by the Table.  Nor would the record evidence support such a claim.

## CONCLUSION

This case is **DISMISSED**.  The clerk of the court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.