# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 25, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| GEORGE L. HODGDON, | * | No. 18-533V |
| | * | Special Master Horner |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Timothy J. Lessman, Knutson & Casey Law Firm, Mankato, MN, for Petitioner.
Mollie D. Gorney, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 12, 2018, George L. Hodgdon ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that the influenza vaccine he received on October 9, 2016 caused him to suffer Guillain-Barré syndrome. Petition at 1. On March 16, 2020, petitioner filed a motion to dismiss his petition, and on March 20, 2020, I issued my decision dismissing the petition for insufficient proof. (ECF No. 45).

On April 2, 2020, petitioner filed an application for final attorneys' fees and costs. (ECF No. 48) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $40,430.60 (representing $25,069.05 in fees and $15,361.55 in costs). Fees App. at 1. Pursuant to

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

General Order No. 9, petitioner states that he has not incurred any out-of-pocket costs in pursuing his claim. Fees App. Ex. 8. Respondent responded to the motion on April 2, 2020, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp. at 2 (ECF No. 49). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.      Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[3]

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Timothy Lessman, $317.00 per hour for all work performed, and for Mr. Randy Knutson, $365.00 per hour for all work performed. Fees App. at 1. These rates are consistent with what these individuals have previously been awarded for their Vaccine Program work, and I find them to be reasonable herein.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Upon review, I find that a small reduction must be made from the total hours expended. Mr. Lessman appears to have billed 0.2 hours as the minimum amount of time to perform any task, including reviewing routine Court filings such as status reports and the notice of appearance, and reviewing e-mails. Fees App. Ex. 7. In my experience, review of these filings would take an experienced attorney at most six minutes (and likely less time), nor would I expect all communications to take a minimum of twelve minutes. Other special masters have also noted that such billing practices can also result in overbilling. *See Golding v. Sec'y of Health & Human Servs.*, No. 16-1132V, 2019 WL 3753273, at *3 (Fed. Cl. Spec. Mstr. Jul. 18, 2019).

The same issues also apply to time billed by paralegals. Fees App. at 11-13. Paralegals billed a minimum of 0.2 hours on even simple tasks such as preparing *pro forma* notices of filings and all communications. Duplicative time was also billed for review of filings, such as 0.7 hours to review respondent's expert reports when Mr. Lessman had already billed 1.3 hours for review of the same reports.

Overall, upon review I have determined that five percent overall reduction to the attorneys' fees is necessary. This results in a reduction of $1,253.45. Petitioner is therefore awarded final attorneys' fees of $23,815.60.

### c. Attorneys' Costs

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $15,361.55 in attorneys' costs. This amount comprises the cost of obtaining medical records, postage, the Court's filing fee, travel costs to meet with petitioner, and work performed by petitioner's expert, Dr. James Dahlgren. Petitioner has provided adequate documentation supporting these costs and they appear to be reasonable in my experience.[4] Accordingly, petitioner is awarded the full amount of attorneys' costs sought.

## II. Conclusion

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $25,069.05 |
| (Reduction to Fees) | - ($1,253.45) |
| **Total Attorneys' Fees Awarded** | **$23,815.60** |
| | |
| Attorneys' Costs Requested | $15,361.55 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$15,361.55** |
| | |
| **Total Attorneys' Fees and Costs** | **$39,177.15** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. **Accordingly, I award a lump sum in the amount of $39,177.15, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Timothy Lessman.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Daniel T. Horner

---

[4] I note that although the total hours billed by Dr. Dahlgren are reasonable in light of his work in the instant case, his billing entries are lacking in specificity. A typical billing entry for Dr. Dahlgren is "Report preparation and literature review." Fees App. Ex. 7 at 21. Upon review, it appears that Dr. Dahlgren is frequently retained by counsel and his firm. Counsel is advised to inform Dr. Dahlgren to provide greater specificity in his future billing entries and I caution that future vague billing from Dr. Dahlgren may result in a reduction attorneys' costs.

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

Daniel T. Horner
Special Master